# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58975-3-II |
| Respondent, | |
| v. | |
| WAYNE RIGBY, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—Wayne Rigby was convicted of attempted second degree rape of a child, communication with a minor for immoral purposes, and attempted commercial sexual abuse of a minor. The parties and the trial court inadvertently miscalculated Rigby's standard sentencing range. On appeal, the parties agree that remand for resentencing under the correct standard sentencing range is necessary. We accept the State's concession and remand for a full resentencing considering the correct standard sentencing range.

## FACTS

When Wayne Rigby was 73 years old he used a website known for solicitation of prostitution. He began a conversation with a woman, who was actually an undercover detective, and arranged to pay $350 in exchange for sexual acts. During their conversation, the undercover detective corresponding with Rigby told Rigby they were a 13-year-old girl. Rigby arranged a time and place to meet with the 13-year-old. Law enforcement arrested Rigby upon his arrival.

The State charged Rigby with one count of attempted second degree child rape, one count of communication with a minor for immoral purposes, and one count of attempted commercial sexual abuse of a minor. Following a bench trial, the trial court found Rigby guilty as charged.

At sentencing, the trial court identified the standard sentencing range for the attempted second degree rape of a child conviction as 121.5 to 162 months. The State argued for a sentence at the low end of the standard range. Rigby argued for an exceptional sentence below the standard range based on Rigby's low likelihood to reoffend; his lack of criminal history; his age of 76; and that the victim was an initiator, willing participant, or provoker of the incident.

The trial court acknowledged Rigby's arguments for an exceptional sentence below the standard range but concluded an exceptional downward sentence was not appropriate under the circumstances. The trial court applied the willing participant mitigating factor to the specific facts in this case, where the person involved was actually an undercover officer, and concluded an exceptional sentence was not warranted. The trial court also found that Rigby's advanced age, alone, was not a factor warranting a downward departure. The court explained, "[I]f given your age you had some debilitating disease or medical reason why you couldn't serve time in custody that may be an issue." 1 Verbatim Rep. of Proc. (Nov. 8, 2023) at 21. The trial court sentenced Rigby to 121.5 months in prison on count 1, the low end of what it believed to be the standard sentencing range.

Rigby appeals.

ANALYSIS

Rigby argues, and the State concedes, that the trial court applied the incorrect standard sentencing range. We accept the State's concession.

2

It is clear from the record that the parties and the trial court relied on the incorrect standard sentencing range. Given Rigby's offender score of 6, the correct range should have been 109.5 to 145.5 months, not 121.5 to 162 months. RCW 9.94A.510, .595. Resentencing is required where the trial court applied the incorrect sentencing range. *State v. Kilgore*, 141 Wn. App. 817, 824-25, 172 P.3d 373 (2007). Resentencing is especially warranted where, as here, the trial court indicated its intent to sentence at the low end of the range, and the low end of the correct range is lower than the low end of the incorrectly applied range. *Id.*

Rigby also argues that the trial court erred as a matter of law by declining to consider an exceptional downward sentence based on either the willing participant mitigating factor or Rigby's advanced age. He contends we should address these issues because they will arise again on remand. He also argues that he received ineffective assistance of counsel at sentencing. The State responds that the trial court did consider Rigby's arguments for an exceptional downward sentence and exercised its discretion by determining an exceptional sentence was not appropriate under the circumstances.

The record reflects that the trial court considered Rigby's argument regarding the willing participant mitigating factor, but determined that the facts did not support an exceptional downward sentence given the facts. Moreover, it appears the parties agree that advanced age *alone* is not a basis for an exceptional downward sentence. Thus, Rigby has not identified a legal error that we need to address at this stage. Because we remand for a full resentencing hearing, where Rigby is free to argue again for an exceptional sentence below the standard sentencing range, we do not address these arguments further. Nor do we address Rigby's argument based on ineffective assistance of counsel at sentencing.

No. 58975-3-II

CONCLUSION

We remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

GLASGOW, J.

We concur:

MAXA, P.J.

LEE, J.

4